UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-cr-00628-MTS |
| EARL JACKSON, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Earl Jackson's Motion to Revoke Order of Detention. Doc. [18]. Defendant seeks review of United States Magistrate Judge John M. Bodenhausen's Order pursuant to 18 U.S.C. § 3145(b).[1] Based upon the record before the Court, the Motion will be denied.

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions ... will *reasonably assure* the defendant's appearance." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 n.20 (8th Cir. 1985) (en banc) (emphasis in original)); *see also* 18 U.S.C. § 3142(c), (e)-(f). A finding on either ground constitutes a sufficient basis for detention. *United States v. Williams*, 4:20-cr-00348-SRC, ECF No. 30 at *4 (E.D. Mo. Sept. 15, 2020) (citing *United States v. Payne*, 660 F. Supp. 288, 290-91 (E.D. Mo. 1987)). In determining whether there are conditions of release that will reasonably assure the

---

[1] Under 18 U.S.C. § 3145(b), "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

defendant's appearance in court and the safety of the community, this Court looks to 18 U.S.C. § 3142(g), which provides that the Court "will take into account the available information concerning," 1) the nature and circumstances of the offense charged, 2) the weight of the evidence against the person, 3) the history and characteristics of the person, including--the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

On December 4, 2024, a grand jury indicted Defendant for one count of possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of felon in possession of a firearm.

Based on the charges and pursuant to 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption that there are no conditions or combination of conditions that will reasonably assure the appearance of the Defendant and the safety of the community. The Government filed a Motion for Pretrial Detention and Hearing, pursuant to 18 U.S.C. § 3142(f)(1). Doc. [4]. A detention hearing was held on December 11, 2024. Judge Bodenhausen took the matter under submission. Pretrial Services soon thereafter issued a report and recommended that Defendant be detained. Doc. [15]. On December 14, 2024, Judge Bodenhausen granted the Government's Motion for Pretrial Detention, adopted and incorporated the facts in the pretrial services report, and issued an

Order of Detention Pending Trial. Doc. [16]. Judge Bodenhausen made findings that Defendant did not proffer sufficient facts to rebut the presumption favoring detention, particularly insofar as it related to the danger to the community, but that even if Defendant had produced sufficient facts to rebut the presumption, based upon the entire record, there were not conditions or a combination of conditions that would ensure Defendant's appearance as well as the safety of the community.

The Order highlighted that the weight of the evidence against Defendant is strong, he is facing a lengthy period of incarceration, if convicted, and has a lengthy criminal history for a variety of drug, property, and firearm offenses. Defendant has also seldom performed satisfactorily while on supervision such as probation or parole, by continuing to use drugs, disobeying conditions, and committing new crimes.

The Court has closely considered the evidentiary record and arguments of counsel. After conducting a de novo review of the entire record, the Court finds that the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance. The Court further finds that Judge Bodenhausen properly considered and weighed all factors, both for and against Defendant's detention, including: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics; and 4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

Accordingly,

**IT IS HEREBY ORDERED** that the Court denies Defendant's Motion to Revoke Order of Detention, Doc. [18], reaffirms the Magistrate Judge's Order of Detention, Doc. [16], and adopts

the same as its own findings and conclusions on the matter.[2]

Dated this 21st day of January, 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] If after review of the same record and factual findings, the district court agrees fully with a magistrate judge's order and reasons, it may adopt the order. *United States v. Cook*, 87 F.4th 920, 924-25 (8th Cir. 2023) (citations omitted). Adopting a magistrate judge's decision "'obviate[s] the need for the district court to prepare its own written findings of fact and statement of reasons.'" *Id.* (quoting *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988)).